CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 04 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **FREDERICK H. PATTERSON,** | ) | **CASE NO. 7:12CV00299** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **vs.** | ) | |
| | ) | |
| **MIDDLE RIVER REGIONAL JAIL,** | ) | **By: Glen E. Conrad** |
| | ) | **Chief United States District Judge** |
| **Defendant.** | ) | |

Frederick H. Patterson, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he has inadequate access to mental health treatment at the jail where he is confined. Upon review of the record, the court finds that the action must be summarily dismissed.

Patterson states his claim as follows:

> I need to see a psychiatrist for my mental disorders. The doctor comes once a month but I have yet to see him because the list is too long. I have been here for 7 months now and need psychiatric care for my delusional bi-polar schizophrenic disorder. I feel that my medical needs are not being met by the jail. . . .

Compl 2. The only defendant Patterson names is the Middle River Regional Jail. As relief, Patterson seeks transfer to a Virginia Department of Corrections (VDOC) prison facility "so that [he] can receive proper psychiatric care." Compl. 4.

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or official if the court determines that the action or claim

is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

"Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 (1978). To prove that a governmental entity, such as a local jail, is liable for constitutional violations committed by its employees, plaintiff must show that the entity's policy was "the moving force of the constitutional violation." Polk County v. Dodson, 454 U.S. 312, 326 (1981). Patterson fails to link a jail policy to any of the alleged deprivations and as such, fails to state an actionable claim against the jail,[1] which is the only defendant in this lawsuit. Therefore, the court will dismiss the complaint without prejudice. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 4ᵗʰ day of ＳｅＰＴｅＭＢｅＲ , 2012.

_____
Chief United States District Judge

---

[1] Patterson's allegations also fail to state any actionable § 1983 claim against any jail official. First, Patterson fails to allege facts indicating that his current mental health condition presents a serious medical need for immediate treatment or different accommodation that he has received at the jail, or that officials have acted with deliberate indifference to his needs. See Estelle v. Gamble, 429 U.S. 97, 102 (1976) (finding that to state Eighth Amendment claim, inmate must show prison official's deliberate indifference to inmate's serious medical need); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (finding that inmate's disagreement with medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment). Patterson does not allege that he has notified the jail's medical staff of any particular mental health symptoms or explained in his complaint what treatment he believes he needs. Second, Patterson has no constitutional right to be confined in any particular jail or prison facility. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983).

2